UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DON KNIGHT,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-2993** |
| **GULFMARK OFFSHORE, INC., ET AL.,**<br>     **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed by Defendant Gulfmark Americas, Inc. ("Gulfmark").[1] Plaintiff, Don Knight, opposes Gulfmark's motion.[2] For the following reasons, Gulfmark's motion is **DENIED**.

## BACKGROUND

Plaintiff filed suit on April 13, 2016 seeking damages under the Jones Act and General Maritime Law for injuries he sustained while working aboard the M/V Orleans.[3] On October 18, 2016, Plaintiff filed an amended complaint naming Gulfmark Americas, Inc. as a Defendant.[4] On January 9, 2017, Gulfmark filed its Motion for Partial Summary Judgment seeking dismissal of Plaintiff's Jones Act claims on the basis that Gulfmark was not Plaintiff's employer.[5] In response, Plaintiff argues genuine issues of material fact still exist as to whether he was Gulfmark's borrowed employee.[6]

## LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[1] R. Doc. 21.
[2] R. Doc. 273
[3] R. Doc. 1.
[4] R. Doc. 13.
[5] R. Doc. 21.
[6] R. Doc. 27.

1

of law."[7] "An issue is material if its resolution could affect the outcome of the action."[8] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[9] All reasonable inferences are drawn in favor of the nonmoving party.[10] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[11]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[12] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[13]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential

---

[7] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[8] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[9] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[10] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[11] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[12] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[13] *Celotex*, 477 U.S. at 322–24.

element of the nonmovant's claim.[14] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[15] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[16] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[17] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[18] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court

---

[14] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[15] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[16] *Celotex*, 477 U.S. at 332–33.
[17] *Id.*
[18] *Celotex*, 477 U.S. at 332–33, 333 n.3.

3

determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[19]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[20]

## ANALYSIS

The Jones Act confers upon a seaman the right to sue his employer for negligence resulting in his personal injury.[21] The Jones Act is applicable only if an employment relationship exists.[22] The borrowed employee doctrine is the "functional rule that places the risk of a worker's injury on his actual rather than his nominal employer."[23] Whether an injured plaintiff is a borrowed employee is a matter of law for the district court to decide, though some cases involve factual disputes that must be resolved by the fact-finder before the court can make its legal determination.[24]

In ruling on a motion for summary judgment, the Court "must indulge every *reasonable* inference from those facts in favor of the party opposing the motion."[25] For summary judgment to be proper, the facts must point so overwhelmingly in favor of one

---

[19] *Id.*; *see also First National Bank of Arizona*, 391 U.S at 289.
[20] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[21] *See* 46 U.S.C. § 30104.
[22] *See id.*
[23] *Baker v. Raymond Intern., Inc.*, 656 F.2d 173, 178 (5th Cir. 1981).
[24] See *Delahoussaye v. Performance Energy Services, L.L.C.*, 734 F.3d 389, 393 (5th Cir.2013); *Brown v. Union Oil Co. of Cal.*, 984 F.2d 674, 677 (5th Cir.1993).
[25] *Hall v. Diamond M Co.*, 732 F.2d 1246, 1249–50 (5th Cir. 1984) (emphasis in original) (internal quotation marks and citation omitted).

party that the Court believes a reasonable fact-finder could not reach a contrary verdict.[26]

When determining whether a person qualifies as a borrowed employee, courts should consider the following nine factors:

> (1) Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?
> (2) Whose work is being performed?
> (3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?
> (4) Did the employee acquiesce in the new work situation?
> (5) Did the original employer terminate his relationship with the employee?
> (6) Who furnished tools and place for performance?
> (7) Was the new employment over a considerable length of time?
> (8) Who had the right to discharge the employee?
> (9) Who had the obligation to pay the employee?[27]

While the critical factor is control, no single factor or combination of factors is determinative.[28]

It is undisputed that Plaintiff was employed as a cook on board the M/V Orleans by Gulf Marine Staffing, Inc.[29] Although Plaintiff admits he was employed by Gulf Marine Staffing, Inc., he alleges that he was also the "borrowed employee" of Gulfmark at the time of the accident.[30] In its statement of uncontested material facts, Gulfmark alleges, "[P]laintiff, Don Knight, received no instruction or guidance from GulfMark concerning his duties in preparation of meals aboard the M/V Orleans."[31] In his opposition, Plaintiff specifically denies this fact and references his affidavit in which he recounts the

---

[26] *Id.* at 1250.
[27] *Brown*, 984 F.2d at 676 (citing *Ruiz v. Shell Oil Co.*, 413 F.2d 310 (5th Cir. 1969)); *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1244 (5th Cir. 1988), *reh'g granted on other grounds*, 841 F.2d 572 (5th Cir. 1988).
[28] *See Brown*, 984 F.2d at 676.
[29] *See* R. Doc. 21-1, at ¶¶ 1-4; R. Doc. 27-3, at ¶¶ 1-4.
[30] *See* R. Doc. 27.
[31] R. Doc. 21-1, at ¶7.

instructions and guidance he received from the relief captain, who was an employee of Gulfmark.[32] After considering the nine factors set forth in *Ruiz*, the Court finds questions of material fact still exist as to whether Plaintiff was Gulfmark's borrowed employee at the time he sustained his injuries. As a result, Gulfmark's partial motion for summary judgment[33] is denied.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Gulfmark Americas, Inc.'s Motion for Partial Summary Judgment[34] is **DENIED**.

**New Orleans, Louisiana, this 14th day of February, 2017.**

                                                                           *Susie Morgan*
                                                              **SUSIE MORGAN**
                                         **UNITED STATES DISTRICT JUDGE**

---

[32] R. Doc. 27-3, at ¶7; R. Doc. 27-1. Plaintiff's affidavit is competent summary judgment evidence pursuant to Federal Rule of Civil Procedure 56(e)(1) and the Court will not discount Plaintiff's account simply because he has not produced a corroborating witness. *See Carlton v. Steele*, 278 F. App'x 352, 354 (5th Cir. 2008).
[33] R. Doc. 21.
[34] R. Doc. 21.